# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued September 16, 2008          Decided October 6, 2008

No. 08-5357

COMMITTEE ON THE JUDICIARY OF THE UNITED STATES
HOUSE OF REPRESENTATIVES,
APPELLEE

v.

HARRIET MIERS AND JOSHUA B. BOLTEN, IN HIS CAPACITY AS
CUSTODIAN OF WHITE HOUSE RECORDS,
APPELLANTS

———

On the Motion for Stay Pending Appeal
(No. 1:08-cv-00409-JDB)

———

*Carl J. Nichols*, Principal Deputy Associate Attorney General, U.S. Department of Justice, argued the cause for appellants. With him on the motion for stay pending appeal and reply were *Gregory G. Katsas*, Assistant Attorney General, *Jonathan F. Cohn*, Deputy Assistant Attorney General, and *Scott R. McIntosh*, *Michael S. Raab*, *Mark R. Freeman*, *Sarang Vijay Damle*, and *Henry Whitaker*, Attorneys.

*Irvin B. Nathan*, General Counsel, U.S. House of Representatives, argued the cause for appellee. With him on the opposition were *Kerry W. Kircher*, Deputy General Counsel, and

*Richard A. Kaplan*, Assistant Counsel.

Before: GINSBURG, RANDOLPH and TATEL, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: On June 13, 2007, the Committee on the Judiciary of the United States House of Representatives issued a subpoena to Harriet Miers, former Counsel to President George W. Bush, seeking to compel her to produce documents and to appear and testify about the forced resignation of nine United States Attorneys in late 2006. On the same day, the Committee issued a subpoena to Joshua B. Bolten, President Bush's Chief of Staff, seeking documents regarding the same subject. President Bush asserted executive privilege to block the testimony and production of the documents, and Ms. Miers and Mr. Bolten refused to comply with the subpoenas. On February 14, 2008, the House of Representatives voted to hold Ms. Miers and Mr. Bolten in contempt of Congress and passed an accompanying resolution authorizing the Committee to initiate an action in federal court seeking to enforce compliance with the subpoenas. The Committee filed suit in the district court on March 10, 2008.

The district court declared that Ms. Miers was legally required to appear and testify in response to the Committee's subpoena, although she could invoke executive privilege in response to specific questions. The district court further ordered Ms. Miers and Mr. Bolten to produce all non-privileged documents and to provide privilege logs describing any documents not produced. The district court's opinion did not address whether executive privilege would bar the disclosure of any particular communication or document. Ms. Miers and Mr. Bolten filed a notice of appeal and moved for a stay pending disposition of the appeal and for expedited briefing and oral

argument.

Although the Committee acknowledges that an order granting an injunction is immediately appealable, *see* 28 U.S.C. § 1292(a), it argues that this court lacks jurisdiction because the district court issued no such order. With respect to the production of documents, the Committee is plainly incorrect. The district court ordered Mr. Bolten and Ms. Miers to take certain actions—to produce documents and a privilege log despite their claim, at the President's behest, that executive privilege shields them from legislative compulsion enforced by the judiciary. Given that claim, the district court's order is immediately appealable. *See United States v. Nixon*, 418 U.S. 683, 691 (1974); *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981); *cf. United States v. Phillip Morris*, 314 F.3d 612, 617-618 (D.C. Cir. 2003). As to Ms. Miers's testimony, the court framed its decree as a declaratory judgment. But Ms. Miers acted in compliance with the instruction of President Bush, and we have long presumed that officials of the Executive Branch will adhere to the law as declared by the court. As a result, the declaratory judgment is the functional equivalent of an injunction. *See Sanchez-Espinoza v. Reagan*, 770 F.2d 202, 208 n.8 (D.C. Cir. 1985) (citing *Samuels v. Mackell*, 401 U.S. 66, 73 (1971)). In addition, the Supreme Court has long held that a district court's denial of a colorable claim of immunity from process is immediately appealable. *See, e.g.*, *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985). We therefore find that appellate jurisdiction exists.

The present dispute is of potentially great significance for the balance of power between the Legislative and Executive Branches. But the Committee recognizes that, even if expedited, this controversy will not be fully and finally resolved by the Judicial Branch—including resolution by a panel and possible rehearing by this court en banc and by the Supreme

Court—before the 110th Congress ends on January 3, 2009. At that time, the 110th House of Representatives will cease to exist as a legal entity, and the subpoenas it has issued will expire. *See, e.g.*, *United States v. Am. Tel. & Tel. Co.* (*AT&T I*), 551 F.2d 384, 390 (D.C. Cir. 1976). In view of the above considerations, we see no reason to set the appeal on an expedited briefing and oral argument schedule. If the case becomes moot, we would be wasting the time of the court and the parties. *See United States v. Munsingwear*, 340 U.S. 36 (1950). If the case does not become moot despite the expiration of the subpoenas, *see Moore v. Ogilvie*, 394 U.S. 814, 816 (1969); *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 448–49 (1977); *Christian Knights of the Ku Klux Klan Invisible Empire, Inc. v. Dist. of Columbia*, 972 F.2d 365, 370 (D.C. Cir. 1992)—an issue we need not resolve at this time—there would be no pressing need for an immediate decision. *See Wilderness Soc'y v. Morton*, 479 F.2d 842, 886–87 (D.C. Cir. 1973) (en banc). This course has the additional benefit of permitting the new President and the new House an opportunity to express their views on the merits of the lawsuit. *See Nixon*, 433 U.S. at 448–49; *AT&T I*, 551 F.3d at 390.

We therefore grant the motion for stay pending appeal and deny the motion for expedition.

*So ordered.*

TATEL, *Circuit Judge,* concurring in the disposition of the motions: I agree that we have jurisdiction. The district court's order directing the defendants to produce a list of privileged documents, relief the Committee specifically seeks in its complaint, Compl. 83, operates as an appealable injunction under 28 U.S.C. § 1292(a)(1). *See Cobell v. Kempthorne*, 455 F.3d 317, 322 (D.C. Cir. 2006). And because the challenge to that order is "inextricably intertwined" with the other issues in the case, we have pendent jurisdiction over the entire appeal. *United States ex rel. Long v. SCS Bus. & Technical Inst., Inc.*, 173 F.3d 870, 873 (D.C. Cir. 1999).

To show a likelihood of success on the merits sufficient to obtain a stay pending appeal, an appellant who will suffer serious irreparable injury need only raise "questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977) (internal quotation marks omitted). Except for the executive's assertion of absolute immunity from congressional process, *see Comm. on the Judiciary, U.S. House of Representatives v. Miers*, 558 F. Supp. 2d 53, 99–107 (D.D.C. 2008) (persuasively rejecting claim of absolute immunity), the issues before us satisfy that modest standard.

Nonetheless, I am perplexed by the panel majority's willingness to grant a stay while hypothesizing that the expiration of the 110th Congress might moot the case before it is heard on the merits. Never have we granted a stay that would have the effect of irrevocably depriving a party of its victory in the district court. Nor have we authority to do so, for a stay in such circumstances would necessarily cause "substantial"—indeed, overwhelming—harm. *See United States v. Philip Morris, Inc.*, 314 F.3d 612, 617 (D.C. Cir. 2003)

(explaining that a stay is inappropriate where it would cause "substantial harm" to a non-moving party).

For the reasons stated by committee counsel at oral argument, however, I am convinced the case will survive this Congress. Whether or not the case would otherwise be capable of repetition yet evading review, the successor Congress can assert the prior Committee's investigatory interest, as it did in *United States v. AT&T Co.* (*AT&T II*), 567 F.2d 121 (D.C. Cir. 1977). *See also* Conyers Decl. That being the case, the Committee's concession that this matter will continue into the 111th Congress, regardless of whether we grant a stay, tips the balance of harms in favor of giving the courts due time for "more deliberative investigation." *Holiday Tours*, 559 F.2d at 844.

The Committee has asked us to expedite this appeal if we grant a stay, but the fact that the case will in any event continue into next year counsels against rushing our deliberations. In another parallel to the *AT&T* litigation, abiding by the usual briefing schedule has the advantage of allowing the input "not only [of] a new House but [of] a new President." *United States v. AT&T Co.* (*AT&T I*), 551 F.2d 384 (D.C. Cir. 1976); *see also AT&T II*, 567 F.2d at 127 ("The framers, rather than attempting to define and allocate all governmental power in minute detail, relied, we believe, on the expectation that where conflicts in scope of authority arose between the coordinate branches, a spirit of dynamic compromise would promote resolution of the dispute in the manner most likely to result in efficient and effective functioning of our governmental system.").